

U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK

THE DATE OF ENTRY IS

ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed June 21, 2013**

_____

**United States Bankruptcy Judge**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| **JONIKKA HUDSON DAVIS** | § | Case No. 12-32987-HDH-13 |
| | § | |
| Debtor. | § | |
| | § | |
| **JONIKKA HUDSON DAVIS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| **FEDERAL NATIONAL MORTGAGE** | § | Adversary No. 12-03143-HDH |
| **ASSOCIATION, A/K/A FANNIE MAE,** | § | |
| **MORTGAGE ELECTRONIC** | § | |
| **REGISTRATION SYSTEMS, INC., and** | § | |
| **SETERUS, INC. F/K/A IBM LENDER** | § | |
| **BUSINESS SERVICES, INC.** | § | |
| | § | |
| Defendants. | § | |
| | § | |

## MEMORANDUM OPINION

This adversary proceeding involves allegations of wrongful foreclosure, breach of

contract, and Texas DTPA violations against multiple defendants. In addition to damages,

Jonikka Hudson Davis ("Plaintiff") seeks a declaratory judgment in the *Plaintiff's Original Complaint* (the "Complaint"). Subsequent to the Complaint, competing motions for summary judgment were filed with the Court. Upon conclusion of a hearing on the *Plaintiff's Motion for Summary Judgment* (the "Plaintiff's MSJ") and the *Defendants' Motion for Final Summary Judgment* (the "Defendants' MSJ"), this Court took the matter under advisement. The Plaintiff's MSJ is denied and Defendants' MSJ is granted.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (O).

## I.    Factual Background

On April 9, 2007 Plaintiff obtained a loan from First Magnus Financial Corporation ("Magnus") to purchase a home. Promising to repay the loan, Plaintiff executed a note ("Note") and a deed of trust ("DOT") for the benefit of Magnus. Subsequently, Federal National Mortgage Association ("Fannie Mae") obtained the Note[1]. Pursuant to an agreement with Fanie Mae, Seterus, Inc. ("Seterus") became the mortgage servicer of the Note.

On January 6, 2012 Plaintiff received notice of delinquency from Seterus. The notice allowed the Plaintiff thirty days to dispute the validity of the debt. On January 10, 2012 Plaintiff received notice informing her that, pursuant to the DOT, Seterus would foreclose on February 7, 2012. On February 7, 2012 Seterus conducted a non-judicial foreclosure sale at which Fannie Mae purchased the property. Thereafter, Plaintiff refused to leave the property despite Fannie Mae's attempts to evict her. On July 15, 2012 Plaintiff initiated this adversary proceeding

---

[1] Neither party offered enough evidence for the Court to make a determination as to how Fannie Mae obtained the Note. However, Fannie Mae was in possession of the Note. Thus, at some point, Fannie Mae did in fact obtain the Note.

asserting causes of action against a group of defendants including Seterus and Fannie Mae (collectively "Defendants").[2] Plaintiff asserts that not one of the Defendants is a "[p]erson entitled to enforce" under § 3.301 of the Texas Business and Commerce Code, and therefore, foreclosure was wrongful.

## II.    Applicable Law

*Summary Judgment Standard*

Summary judgment is proper if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Bankruptcy Procedure 7056(c); Federal Rule of Civil Procedure 56(a). A fact is material if the governing substantive law identifies it as having the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* When evaluating a motion for summary judgment, the court views the evidence in the light most favorable to the nonmoving party. *Id*. at 255.

*Texas Law*

The holder of a note is a "[p]erson entitled to enforce" the note. Tex. Bus. & Comm. Code § 3.301. A person is a holder of a note if he is in possession of the note, and the note is payable to bearer. *Id*. at § 1.201(b)(21)(A). A note is payable to bearer if it is indorsed in blank. *Id*. at § 3.109(c). When a note is transferred so is the ability to foreclose under the deed of trust. *JWD, Inc. v. Fed. Ins. Co.*, 806 S.W.2d 327, 329-30 (Tex. App.—Austin 1991, no writ). Furthermore, under the Texas Property Code, "[a] mortgage servicer may administer foreclosure of property . . . on behalf of a mortgagee." Tex. Prop. Code § 51.0025.

---

[2] Mortgage Electronic Registration Systems, Inc. ("MERS") was also named a defendant.

### III.    Analysis

The Court finds that no genuine issue of material fact exists as to Plaintiffs claim that not one of the Defendants is a "[p]erson entitled to enforce" the Note.  Plaintiff claims that no indorsements appear on the mortgage instrument.  However, as Plaintiff acknowledged, the indorsements are on a blank page on the back of the Note.  The Court finds the indorsements are authentic and appear on the instrument.  Therefore, no genuine issue of material fact exists.

The Court further finds that Defendants are entitled to judgment as a matter of law.

*Status of Fannie Mae*

Fannie Mae was a "[p]erson entitled to enforce" the Note.  Fannie Mae was in possession of the Note, which was indorsed in blank.  The blank indorsement made the Note payable to bearer.  Tex. Bus. & Comm. Code § 3.109(c).  By virtue of being in possession of a bearer instrument, Fannie Mae was a holder of the instrument, i.e. the Note.  *Id.* at § 1.201(b)(21)(A).  Furthermore, by having obtained possession of the Note, Fannie Mae had the ability to foreclose on the DOT.  *JWD, Inc.,* 806 S.W.2d at 329-30 (Tex. App.—Austin 1991, no writ).

*Status of Seterus*

Seterus had the authority to enforce the DOT and initiate foreclosure proceedings.  Under the Texas Property Code, a mortgage servicer is authorized to administer foreclosure proceedings on behalf of a mortgagee if: (1) the mortgage servicer and the mortgagee have entered into an agreement granting the current mortgage servicer authority to service the mortgage, and (2) proper notice is given.  *See* Tex. Prop. Code § 51.0025.  Here, Fannie Mae, the mortgagee of the Note, entered into an agreement with Seterus to service the Note.  Also, Seterus met the notice requirements of § 51.0025.  Therefore, Seterus had the authority to enforce the

DOT and initiate foreclosure proceedings.[3] *See Athey v. MERS,* 314 S.W.3d 161, 165–66 (Tex .App.—Eastland 2010 pet. denied); *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *2-3 (W.D. Tex. April 26, 2011).

## IV.  Conclusion

This Court, having applied the proper summary judgment standard, grants Defendants' Motion for Summary Judgment.  No issue of material fact exists because the Note was indorsed and the indorsement was authentic.  Defendants are entitled to judgment as a matter of law, because, contrary to Plaintiff's assertion, as holder of the Note, Fannie Mae was a "[p]erson entitled to enforce" the Note under Texas law.  Seterus, as mortgage servicer, had the authority to enforce the DOT and foreclose on the property.  Thus, the foreclosure was not wrongful.  Because all of Plaintiff's claims were based on wrongful foreclosure, all of her claims must fail.  Counsel for Defendants should submit a judgment within fourteen (14) days of this memorandum opinion.

---

[3] Defendants also claim they had the right to foreclose through ownership of the Note.  Because the only evidence of an assignment consisted of assertions made via affidavit, as opposed to a document of assignment, ownership was not established by proper summary judgment evidence.  Defendants also claim they had the right to foreclose through MERS.  MERS was listed on the DOT as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns."  Defendants argue that Texas law gives MERS the ability to act as the nominee, and as such, the ability to act as the beneficial holder of the DOT.  By virtue of being the beneficial holder, Defendants claim MERS was entitled to enforce the DOT.  However, because Seterus had the authority to foreclose it is not necessary to reach this argument.